[No. D061231. Fourth Dist., Div. One. Feb. 27, 2013.]

THE PEOPLE ex rel. JAN LYNN OWEN, as Corporations Commissioner, etc., Plaintiff and Respondent, v.
MEDIA ONE DIRECT,·LLC, Defendant and Appellant.

**COUNSEL**

Baker Law Group and John H. Baker for Defendant and Appellant.

Alexander M. Calero for Plaintiff and Respondent.

**OPINION**

**McINTYRE, Acting P. J.**—In this case we hold that California's Corporations Commissioner (the Commissioner) properly exercised her statutory authority to issue an administrative subpoena duces tecum (SDT) and subpoena witnesses for the purpose of investigating possible violations of the Corporate Securities Law of 1968 (CSL) (Corp. Code, § 25000 et seq.), which regulates the offer and sale of securities in California. (Undesignated statutory references are to the Corporations Code.) We conclude the trial court did not abuse its discretion when it found that appellant failed to comply with the Commissioner's discovery requests.

## FACTUAL AND PROCEDURAL BACKGROUND

The Commissioner is head of the Department of Corporations (the Department). The Department is responsible for administering and enforcing the CSL. Believing that appellant Media One Direct, LLC (Media One), might be engaged in violations of the CSL, the Department issued an SDT on Media One requiring the production of certain documents and information relevant to the Department's investigation. When Media One allegedly failed to produce all of the documents and information required in the SDT, the Department issued another administrative subpoena requiring Media One to produce its custodian of records for administrative testimony relevant to the Department's investigation. Media One, however, refused to provide an individual for administrative testimony as requested in the subpoena.

The Commissioner petitioned the superior court for an order to show cause reqüesting that Media One be "order[ed] to produce a person most knowledgeable for administrative testimony and, or alternatively, produce all the documents and information requested" in the SDT. In support of its petition, the Commissioner presented the declaration of Agnes Dougherty, a Department employee, and attached to the declaration the SDT, the subpoena, and correspondence between the parties regarding the requests. After considering argument, the trial court issued an order requiring Media One to produce by a certain date and without objection, all documents and information requested in the SDT and produce a witness as requested in the administrative subpoena. Media One timely appealed.

## DISCUSSION

■ The Commissioner has the discretion to conduct investigations deemed necessary to determine whether a violation of the CSL has been or is about to be committed. (§ 25531, subd. (a).) The Commissioner may take possession of books and records of broker-dealers and investment advisers (*id.*, subd. (b)), and may administer oaths, subpoena witnesses, take evidence, and require the production of documentary evidence which it "deems relevant or material to the inquiry" (*id.*, subd. (c)). The Commissioner may also obtain a court order requiring persons found to be contumacious to appear and "give evidence touching the matter under investigation or in question" under penalty of contempt. (*Id.*, subd. (d).)

Media One does not challenge the Commissioner's authority to issue the SDT and subpoena or obtain a court order to compel its compliance. Rather, Media One asserts the Commissioner failed to produce any competent evidence establishing its right to an order compelling Media One to produce more documents or submit to the subpoena for administrative testimony. Specifically, it asserts that Dougherty lacked personal knowledge of anything in her declaration and that the exhibits attached to her declaration did not qualify as business records and were inadmissible.

During oral argument, the trial court considered Media One's objections to Dougherty's declaration and found them to be "meritless." Additionally, by ordering Media One to comply with the SDT and subpoena, without objection, the trial court impliedly rejected Media One's arguments regarding the admissibility of the exhibits attached to Dougherty's declaration. We review any ruling by the trial court on the admissibility of evidence for abuse of

discretion. (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 332 [71 Cal.Rptr.3d 469].) A trial court abuses its discretion only when its ruling exceeds the bounds of reason, all circumstances being considered. (*Ibid.*) We similarly review a trial court's ruling on the substantiality of foundational evidence (*Alvarado v. Anderson* (1959) 175 Cal.App.2d 166, 179 [346 P.2d 73]) and its decision to admit evidence under a business records exception to hearsay for an abuse of discretion (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 319 [94 Cal.Rptr.3d 198]).

 The personal knowledge of a witness regarding a matter may be shown by any otherwise admissible evidence, including the witness's own testimony. (Evid. Code § 702, subd. (b).) Here, Dougherty stated under penalty of perjury that she is employed by the Department as a corporations examiner in the enforcement division and that the facts contained in her declaration are true and correct based on her own personal knowledge or based on her review of records relating to this matter. She then stated that the Department sent certain correspondence to Media One regarding the SDT and subpoena and that true and correct copies of the correspondence were attached to her declaration.

 The trial court was entitled to accept Dougherty's assertion of personal knowledge, and it does not strain credulity to presume a corporations examiner in the enforcement division was aware of the actions taken by the Department. Additionally, Dougherty's statement that she reviewed the files relating to this matter and that the documents attached were true and correct copies of correspondence sent by the Department to Media One sufficiently authenticated the documents. (Evid. Code, § 1400 [all that is required to authenticate a writing is that there be "evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is"]; *The Luckman Partnership, Inc. v. Superior Court* (2010) 184 Cal.App.4th 30, 34–35 [108 Cal.Rptr.3d 606] [authentication adequate where counsel declared "he had personal knowledge that the documents attached to his declaration were the [City of Los Angeles's] verified interrogatory responses in this action, along with exhibits the City attached to its interrogatory responses"].) Moreover, there is nothing in the record on appeal to suggest that the documents attached to Dougherty's declaration were not true and correct copies of the correspondence sent by the Department to Media One. We conclude that the trial court acted within its discretion when it overruled Media One's objection to Dougherty's declaration based on lack of personal knowledge.

Media One admits that "many records kept by governments are 'business records,' " but asserts that the documents attached to Dougherty's declaration do not qualify as business or official records because they were prepared in

anticipation of litigation. (See Cal. Law Revision Com. com., reprinted at 29B pt. 4 West's Ann. Evid. Code (1995 ed.) foll. § 1280, p. 347 ["[T]he cases require the same showing of trustworthiness in regard to an official record as is required under the business records exception."].) We reject this assertion.

There is nothing in the record to support Media One's speculative assertion that the correspondence was prepared in anticipation of litigation. The mere fact the Commissioner is in the "business" of investigating possible violations of the CSL does not mean every document prepared during an investigation was prepared in anticipation of litigation. Media One's reliance on *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305 [174 L.Ed.2d 314, 129 S.Ct. 2527] (*Melendez-Diaz*) is misplaced. In *Melendez-Diaz*, our high court noted that "[d]ocuments kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status." (*Id.* at p. 321.) However, testimonial statements contained in declarations may be precluded by the confrontation clause if the declarations were made under circumstances which would lead an objective witness to believe that the statement would be available for use at a later trial because such affidavits are "functionally identical to live, in-court testimony." (557 U.S. at pp. 310–311.) Unlike in *Melendez-Diaz*, the records at issue were not prepared for the purpose of serving as evidence against Media One, but rather to obtain information from Media One.

■ In any event, the correspondence attached to Dougherty's declaration which outlines the deficiencies in Media One's production, is not critical to the resolution of the dispute between the parties. The trial court had before it the SDT, the subpoena, a separate statement prepared by the Commissioner in support of her request for an order to show cause and two boxes of documents produced by Media One in response to the SDT. Thus, the trial court presumably looked at what was requested in the SDT and compared that to what Media One produced, taking into consideration the deficiencies stated by the Commissioner in her separate statement. Media One has not lodged the documents it produced with this court, nor has it argued how its production satisfied the SDT. The separate statement adequately informs Media One of what documents still need to be produced. Media One has not met its burden of showing how the trial court abused its discretion in ordering Media One to produce the documents requested in the SDT, or by ordering Media One to comply with the subpoena for administrative testimony. Finally, we reject Media One's contention that the Commissioner is attempting an "unlawful end run around discovery restrictions" by subpoenaing it for administrative testimony because the Commissioner is statutorily authorized to subpoena witnesses. (See § 25531, subd. (c); Gov. Code, § 11181, subd. (e).)

## DISPOSITION

The order is affirmed. Respondent is awarded its costs on appeal.

O'Rourke, J., and Aaron, J., concurred.